UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD RICHARDSON,                           Case No. 12-12362

        Plaintiff,                           John Corbett O'Meara
v.                                           United States District Judge

STATE OF MICHIGAN TREASURER,                 Michael Hluchaniuk
                                             United States Magistrate Judge
        Defendant.
_____/

# REPORT AND RECOMMENDATION
## MOTION TO DISMISS (Dkt. 10)

### I.    PROCEDURAL HISTORY

Plaintiff, a prisoner in the custody of the Michigan Department of Corrections, filed this action against the Treasurer of the State of Michigan on May 31, 2012.  (Dkt. 1).  District Judge John Corbett O'Meara referred this matter to the undersigned for all pretrial proceedings on August 21, 2012.  (Dkt. 12).  On August 16, 2012, defendant filed a motion to dismiss the complaint.  (Dkt. 10). Plaintiff filed a response on August 22, 2012.  (Dkt. 13).  Defendant filed a reply on August 13, 2012.  (Dkt. 15).  This matter is now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **GRANTED**.

## II. FACTUAL BACKGROUND

Plaintiff's complaint is rather sparse. He seems to allege that he is bringing an action to recover benefits under ERISA. He also alleges violations of 42 U.S.C. 1983 and 1988 and refers to 28 U.S.C. 2283. (Dkt. 1). Plaintiff seeks an order to "cancel defendant from taking plaintiff's retirement pension, or modify the amount so plaintiff's wife receives half (1/2) of plaintiff's retirement pension." Plaintiff also asks the Court to order "defendants to pay plaintiff twelve thousand-seven hundred ($12,700.00) dollars, costs, and interest." (Dkt. 1, Pg ID 6).

Defendant illuminates the dispute more clearly in the motion to dismiss. (Dkt. 10). As defendant explains, plaintiff is an inmate in a Michigan correctional facility, sentenced by the Wayne County Circuit Court to five to twelve years imprisonment. Pursuant to the State Correctional Facility Reimbursement Act (SCFRA), plaintiff is indebted to the State for the cost of his care while in prison, and the State is entitled to up to 90% of his assets as reimbursement for the cost of this care. Mich. Comp. Laws § 800.403(3). The primary asset at issue in this case is a public pension administered by the City of Detroit General Retirement System. SCFRA expressly identifies pension benefits as an asset from which the State can seek reimbursement. Mich. Comp. Laws § 800.401a(a).

On April 4, 2009, the State Treasurer filed a complaint and motion in the Wayne County Circuit Court seeking reimbursement from plaintiff's bank account

balances and monthly pension benefits. The case was assigned to Circuit Court Judge Robert J. Colombo, Jr. and assigned case number 09-00B457-CZ. On April 9, 2009, the state court entered an *ex parte* order freezing plaintiff's pension benefits, Credit Union One bank accounts, and his prison account. (Dkt. 10-2, 4/9/09 Wayne Cir. Ct. Order). The show cause hearing was scheduled for June 12, 2009. Plaintiff filed with the Court and served defense counsel with various written responses in which he argued that the State's claim violated the ERISA and his due process rights, and that the State's claim ran afoul of his ongoing support obligations. (Dkt. 10-3, Copies of Plaintiff's Written Submissions). Before the show cause hearing, plaintiff removed the case to the United States District Court, Eastern District of Michigan. (Dkt. 10-4, Notice of Removal)

On June 4, 2009, the state court case was removed to the U.S. District Court, Eastern District of Michigan (Ann Arbor) and assigned Case No. 09-12175. The State filed a motion to remand on the basis that the U.S. District Court lacked subject matter jurisdiction. Plaintiff opposed that motion. On August 4, 2009, this Court issued an order remanding the case to Wayne County Circuit Court. (Dkt. 10-5, 8/4/09 E.D. Mich. Order). On August 18, 2009, plaintiff appealed the remand order to the Sixth Circuit Court of Appeals, which subsequently dismissed the appeal. (Dkt. 10-6, 9/23/09 Sixth Cir. Ct. App. Order). On November 17, 2009, the Sixth Circuit issued a second order denying plaintiff's petition for

rehearing and affirming its earlier dismissal. (Dkt. 10-7, 11/17/09 Sixth Cir. Ct. App. Order). Finally, plaintiff appealed to the U.S. Supreme Court, which denied certiorari. (Dkt. 10-8, 1/11/10 and 6/1/10 U.S. Sup. Ct. Orders).

In accordance with the remand order, on October 16, 2009, Judge Colombo conducted a show cause hearing. In consideration of plaintiff's ongoing spousal support obligations, the State requested only 50% of the subject assets. After reviewing all evidence before it, the Court issued a final order in which the State was awarded 50% of plaintiff's monthly pension benefits and a one-time 50% distribution of the Credit Union One bank accounts as partial reimbursement for plaintiff's cost of care. (Dkt. 10-9, 10/16/09 Wayne Cir. Ct. Order). The remaining 50% of the assets-the monthly pension benefits and bank account balances-was released to plaintiff, to be paid per his instructions. *Id*. Defendant points out that the State's recovery in the Circuit Court case was substantially less than the 90% permitted by SCFRA. Mich. Comp. Laws § 800.403(3). And, while plaintiff argues that, in violation of SCFRA, defendant is taking in excess of 50% of his pension for various reasons, defendant says this is untrue. Rather, each month, the State of Michigan is paid directly by the City of Detroit in accordance with the state court order. The State cannot, however, prevent other creditors from attaching the 50% reserved to plaintiff. The State believes that in 2010, plaintiff's 50% was subjected to a claim of legal support by Betty Richardson, his estranged

wife, as well as taxes and insurance premiums. (Dkt. 10-10, 11/24/10 Oakland Cir. Ct. Order). According to defendant, the subsequent taking of plaintiff's remaining 50% is unrelated to the SCFRA case and is, in no way, the result of action taken by the State.

Lastly, defendant points out that the final order entered in Wayne County Circuit Court case number 09-008457-CZ became effective on November 9, 2009 when plaintiff failed to timely file an appeal or other motion for relief from judgment. Mich. Ct. Rule 7.101(B)(1)(a); Mich. Ct. Rule 2.614(A)(1). And, instead of exercising his rights in the Michigan state appellate process, plaintiff waited more than 2.5 years to file the instant lawsuit challenging the validity of the final order and requesting that this Court enter an amended order eliminating and/or adjusting the State's recovery pursuant to SCFRA, as well as retroactive monetary damages.

### III.  ANALYSIS AND CONCLUSION

    A.  <u>Standards of Review</u>

        1.  Rule 12(b)(1)

"When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). Further, a district court may "resolve factual disputes when necessary to resolve challenges

to subject matter jurisdiction." *Id.* Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack on subject matter jurisdiction goes to whether the plaintiff has properly alleged a basis for subject matter jurisdiction, and the trial court takes the allegations of the complaint as true. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). A factual attack is a challenge to the factual existence of subject matter jurisdiction. No presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. *Ritchie*, 15 F.3d at 598. In matters regarding subject matter jurisdiction, the court may look to evidence outside the pleadings. *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003).

The Sixth Circuit adheres to the standard of review for Rule 12(b)(1) motions explained in *Mortensen v. First Federal Savings and Loan Ass'n*, 549 F.2d 884, 890 (3d Cir. 1977):

> The basic difference among the various 12(b) motions is, of course, that 12(b)(6) alone necessitates a ruling on the merits of the claim, the others deal with procedural defects. Because 12(b)(6) results in a determination on the merits at an early stage of plaintiff's case, the plaintiff is afforded the safeguard of having all its allegations taken as true and all inferences favorable to plaintiff will be drawn. The decision disposing the case is then purely on the legal sufficiency of plaintiff's case: even were

6

plaintiff to prove all its allegations he or she would be unable to prevail. In the interests of judicial economy it is not improper to dispose of the claim at that stage....

The procedure under a motion to dismiss for lack of subject matter jurisdiction is quite different. At the outset we must emphasize a crucial distinction, often overlooked between 12(b)(1) motions that attack the complaint on its face and 12(b)(1) motions that attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings. The facial attack does offer similar safeguards to the plaintiff: the court must consider the allegations of the complaint as true. The factual attack, however, differs greatly for here the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56. **Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction-its very power to hear the case-there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover the plaintiff will have the burden of proof that jurisdiction does in fact exist**.

*RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996) (emphasis added), quoting *Mortensen*, 549 F.2d at 890-891.

2.  Rule 12(b)(6)

Although Rule 12(c) states that if "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment," courts have found that when the issue of *res judicata* is

presented, it is "a purely legal issue" that can be considered in the context of a motion for judgment on the pleadings. *Booker v. City of Beachwood*, 2007 WL 1039155 (N.D. Ohio), citing *Hutcherson v. Lauderdale County, TN*, 326 F.3d 747, 756 (6th Cir. 2003). The standard of review for a judgment on the pleadings is the same as that for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *EEOC v. J.H. Routh Packing Co.*, 246 F .3d 850, 851 (6th Cir. 2001) (citation omitted.). On a motion to dismiss, a court considering an affirmative defense of *res judicata*, as here, may take judicial notice of public records including judicial proceedings. *Automated Solutions Co. v. Paragon Data Systems, Inc.*, 2008 WL 2404972, *6 (N.D. Ohio 2008), citing *Day v. Moscow*, 955 F.2d 807, 811 (2nd Cir. 1992); *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.*, 181 F.3d 410, 426-427 (3d Cir. 1999); 2 Moore's Federal Practice § 12.34; *Rushford v. Firstar Bank, N.A.*, 50 Fed.Appx. 202, 205 (6th Cir. 2002).

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A plaintiff is also obliged "to provide the grounds of his

entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007), quoting *Twombly*, 550 U.S. at 555 (citations and internal quotation marks omitted). And, while a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.*, quoting *Twombly*, 550 U.S. at 555 (citation and internal quotation marks omitted); *see also League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (The factual allegations in a complaint need not be detailed but they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief.").

B.   *Rooker-Feldman*

The *Rooker-Feldman*[1] doctrine prohibits federal courts, other than the United States Supreme Court, from exercising "appellate jurisdiction over the decisions and/or proceedings of state courts, including claims that are 'inextricably intertwined' with issues decided in state court proceedings." *Executive Arts*

---

[1] The *Rooker-Feldman* doctrine is named for *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

*Studio, Inc. v. City of Grand Rapids*, 391 F.3d 783, 793 (6th Cir. 2004) (citations omitted). Recently, the Supreme Court explained that the *Rooker-Feldman* doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments ... and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

This case is similar to other cases dismissed in this District on the basis of the *Rooker-Feldman* doctrine. *Fender v. State Treasurer*, 2012 WL 3112386, *2 (E.D. Mich. 2012) (Plaintiff's complaint challenging the state court judgment ordering that the County be reimbursed under the SCFRA barred by *Rooker-Feldman*); *Strobel v. Dillon*, 2011 WL 5547105 (E.D. Mich. 2011) (*Rooker-Feldman* barred the plaintiff's claims where the filing of the complaint in federal court was merely an attempt to void or avoid the state court's final order under the SCFRA and there was no other source of plaintiff's injury). This case is virtually indistinguishable from *Strobel*, where the plaintiff, also incarcerated, filed suit against the State Treasurer, claiming that the state court order under SCFRA violated ERISA. Pointing to Sixth Circuit authority, the court observed that the defendant could only reach a plaintiff's pension benefit though a state court order issued after bringing an SCFRA suit:

As the Sixth Circuit explained in Abbott:

> the plaintiffs are ostensibly complaining of injuries caused by the actions of third parties-the conversion of their pension benefits by state officials-but those actions were the direct and immediate products of the state-court SCFRA judgments. The plaintiffs' claims and arguments make this clear: They assert that the state courts erred in issuing the SCFRA judgments and do not claim that the defendants have injured them in any way except by strictly executing those judgments. Accordingly, the plaintiffs' claims of specific injuries that they have suffered are actually challenges to the state-court SCFRA judgments and are barred by the *Rooker-Feldman* doctrine.

*Abbott v. Michigan*, 474 F.3d 324, 329 (6th Cir. 2007). Given that plaintiff's claims are a direct challenge to the state court final order, his claims are barred by *Rooker-Feldman*. This includes all of plaintiff's claims, including those purporting to arise under 42 U.S.C. § 1983. *See e.g.*, *McCarty v. Doe*, 289 Fed.Appx. 836, 837-838 (holding that *Rooker-Feldman* doctrine and *res judicata* barred action by Michigan state prisoners filed against the Michigan State Treasurer and others pursuant to § 1983, ERISA, and state tort law where there was a state court judgment upholding the seizure of pensions pursuant to SCFRA); *Gottfied v. Med. Planning Servs., Inc.*, 142 F.3d 326, 330 (6th Cir. 1998) (The *Rooker-Feldman* doctrine includes cases brought under 42 U.S.C. § 1983 because of the "full faith and credit" given to state judicial proceedings.) (citations omitted); *Abbott v. Michigan*, 474 F.3d 324, 332 (6th Cir. 2007).

C.   *Res Judicata*

Even assuming that plaintiff's claims are not barred by *Rooker-Feldman*, they would be barred by principles of *res judicata*. That is, plaintiff's claims could have been brought in the Michigan state court proceeding and this Court must give the same preclusive effect to the state court judgment as another Michigan court would give to that judgment. *Anderson v. County of Wayne*, 2011 WL 3438337, *6 (E.D. Mich. 2011), citing *Exxon-Mobil*, 544 U.S. at 293. "Michigan has adopted a broad application of the doctrine of *res judicata* which bars not only claims actually litigated in the prior action, but all claims arising out of the same transaction that the parties, exercising reasonable diligence, could have raised in the prior action but did not." *Luckett v. U.S. Bank Nat'l Ass'n*, 2009 WL 22858, at *4 (E.D. Mich. 2009). The test for determining preclusive effect is whether the same facts or evidence are crucial to prove the two claims, not whether the bases for relief are the same. *Anderson*, at *6, citing *Sewell v. Clean Cut Mgmt.*, 463 Mich. 569, 574; 621 N.W.2d 222 (2001). The claims[2] presented involve the same facts that were necessary to a determination of the state court action. Plainly,

---

[2] While the undersigned concludes that plaintiff could have brought an ERISA claim in the state court action and this claim is, therefore, barred by *res judicata*, whether plaintiff did or could have brought an ERISA claim in the state court action is irrelevant. ERISA does not apply to government benefit plans. *Cochran v. Wayne County Employees Retirement Systems*, 2012 WL 1048561, *2 (E.D. Mich. 2012), citing 29 U.S.C. § 1002(32); *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89-90 (6th Cir. 1997).

plaintiff had an opportunity to make his arguments in state court. Plaintiff is, therefore, barred by principles of *res judicata* from making these claims in this Court.[3]

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **GRANTED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

---

[3] Given the conclusions reached, the remaining arguments raised by defendant need not be addressed.

etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: February 13, 2013               s/Michael Hluchaniuk
                                      Michael Hluchaniuk
                                      United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I certify that on <u>February 13, 2013</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Allison M. Dietz</u>, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address(es): <u>Donald Richardson, ID# 719076, CARSON CITY CORRECTIONAL FACILITY, 10522 Boyer Road, Carson City, MI 48811</u>.

                                      s/Tammy Hallwood
                                      Case Manager
                                      (810) 341-7887
                                      tammy_hallwood@mied.uscourts.gov